**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **RMP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No.** __3:22cv137__ |
| | ) | |
| **ALEJANDRO MAYORKAS, Secretary of the United** | ) | |
| **States Department of Homeland Security;** | ) | |
| **UR JADDOU, Director of United States** | ) | |
| **Citizenship and Immigration Services; LARRY** | ) | |
| **DENAYER, Acting Deputy Director for Operations for** | ) | |
| **United States Citizenship and Immigration Services;** | ) | |
| **CONNIE NOLAN, Acting Associate Director for the** | ) | |
| **Service Center Operations Directorate of the United** | ) | |
| **States Citizenship and Immigration Services; and** | ) | |
| **LAURA ZUCHOWSKI, Director of the United States** | ) | |
| **Citizenship and Immigration Services Vermont Service** | ) | |
| **Center,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## COMPLAINT

Plaintiff RMP was subjected to domestic violence during her thirteen-year relationship with her husband. The couple married in 2005 after being in a happy relationship for over a year. Shortly after they married, however, her husband became jealous and drank often. His behavior gradually escalated into physical violence. He shoved her and hit her with a belt. He raped her on many occasions, sometimes even tying her hands and feet so she could not resist. He forced objects into her vagina. RMP often locked herself in the bathroom to escape his violent rages. The husband threatened to kill the couple's children if she called the police.

In February 2017, RMP discovered that her husband had also been raping her daughter, who was 14 years old at the time. He had told her daughter that he would kill RMP if the

daughter revealed the abuse she had been subjected to. Eventually, the daughter told RMP about the abuse, and RMP, with the assistance of the daughter's school counselor, reported the abuse to the police.

RMP cooperated with the subsequent investigation and prosecution. Her husband received a prison sentence and was later deported. RMP and her daughter both received therapy to recover from the abuse's effects.

On July 25, 2018, RMP filed an application with United States Citizenship and Immigration Services (USCIS) seeking a U visa, which is a special non-immigrant visa available only to victims of certain violent crimes—such as domestic violence and sexual assault—who cooperate in the prosecution of the crimes committed against them. USCIS's regulations state that a qualified petitioner must be placed on the "U-visa waiting list" if the petitioner appears qualified for a U visa, even if no U visas are yet available. Petitioners placed on the waiting list are entitled to protection from deportation and are eligible for employment authorization while they wait for a U visa to become available.

USCIS, however, has yet to adjudicate RMP's U visa petition or place her on the U-visa waiting list since she filed her petition. This delay is unreasonable as a matter of law.

By failing to take the legally mandated actions, USCIS has deprived RMP of protection from deportation and the opportunity to work in the United States to provide for herself and her children. As a result, RMP requests that this Court compel Defendants to evaluate her eligibility to be placed on the U-visa waiting list and to issue her the benefits associated with the U-visa waiting list.

RMP sues Defendants Alejandro Mayorkas, Ur Jaddou, Larry Denayer, Connie Nolan, and Laura Zuchowski in their official capacities as officers and employees of the United States.

In support, RMP alleges the following:

## JURISDICTION AND VENUE

1. This action arises pursuant to 8 U.S.C. § 1184; 5 U.S.C. §§ 555, 702, and 706; 8 C.F.R. § 214.14.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1361, which provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. This Court may grant declaratory relief pursuant to 28 U.S.C. § 2201.

5. This suit has been filed in the United States District Court for the Eastern District of Virginia, as permitted by 28 U.S.C. § 1391(e)(1)(C), which provides that a suit against federal officials in their official capacity may be brought in any judicial district where a plaintiff in the action resides if no real property is involved in the action.

6. Plaintiff resides in Chesterfield County, Virginia within the Eastern District of Virginia.

7. No real property is involved in this action.

## PARTIES

8. RMP is identified by a pseudonym because she is a victim of domestic and sexual violence. Plaintiff's counsel will confirm her identity off the record.

9. Plaintiff RMP ("RMP") is a citizen of El Salvador and resides in Chesterfield County, Virginia.

10. RMP was born in 1980 in El Salvador.

3

11.     RMP entered the United States in or around November of 2003 without inspection. She is not legally authorized to be present in the United States.

12.     Defendant Alejandro Mayorkas is the Secretary of Homeland Security and is charged with implementing United States immigration law.

13.     Defendant Ur Mendoza Jaddou is the Director of USCIS, a component agency of the Department of Homeland Security. USCIS's director is charged with administering the services and benefits functions of U.S. immigration law through the operation of USCIS.

14.     Defendant Larry C. Denayer is the acting Deputy Director for Operations for USCIS. He oversees activities at USCIS's Nebraska and Vermont Service Centers.

15.     Defendant Connie Nolan is the current acting Associate Director for the Service Center Operations Directorate for USCIS. She oversees the activities of USCIS's Vermont Service Center.

16.     Defendant Laura Zuchowski is the current Director of USCIS's Vermont Service Center, a component of USCIS. Defendant Zuchowski oversees the filing, data entry, and adjudication of certain applications for immigration services and benefits, including petitions for U nonimmigrant status.

17.     Each Defendant is being sued in that individual's official capacity as an officer and employee of the United States of America and its agencies.

## OVERVIEW OF THE U NONIMMIGRANT VISA REGIME

18.     In October of 2000, Congress passed the Victims of Trafficking and Violence Protection Act (TVPA), Pub. L. 16-386, 114 Stat. 1464, which President Clinton signed into law.

19.     The TVPA amended the Immigration and Nationality Act (INA) and created the U status and visa program. *See* 8 U.S.C. § 1101(a)(15)(U).

## U NONIMMIGRANT STATUS

20.     The U-visa program creates a mechanism for noncitizen victims of serious crime to safely engage law enforcement and, likewise, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of the United States.

21.     A U-visa provides a foreign national with temporary legal permission to be present and hold employment in the United States.

22.     While the U-visa provides temporary legal permission to be present and hold employment in the United States, U-visa holders are eligible to apply to become permanent legal residents of the United States, through a process referred to as "adjustment of status." *See* 8 U.S.C. § 1255(m); 8 C.F.R. § 245.24(b).

23.     To qualify for a U-visa, a petitioning foreign national must demonstrate the following: (1) she has suffered substantial physical or mental abuse as a result of having been a victim of a qualifying crime; (2) she has credible or reliable information about the crime; (3) she has been, is, or is likely to be helpful to law enforcement in investigating or prosecuting the crime; and (4) the criminal activity occurred in the United States. *See* 8 U.S.C. § 1101(a)(15)(U)(i)(I-IV).

24.     A petitioner must be otherwise admissible to the United States or obtain a waiver of inadmissibility in order to receive a U-visa. 8 U.S.C. § 1182(a); 8 C.F.R. § 214.1(a)(3)(i) and (f)(1)(ii).

25.     Qualifying crimes under the U-visa program include domestic violence and sexual assault. 8 C.F.R. § 214.14(a)(9).

26.     To apply for a U-visa, the petitioning foreign national must submit to USCIS a Form I-918 Petition for U Nonimmigrant Status, a biometric fee or fee waiver request, and a written and sworn declaration from law enforcement personnel stating that the foreign national was a victim of a qualifying crime and has been helpful in the investigation or prosecution of qualifying criminal activity. *See* 8 U.S.C. § 1101(a)(U); 8 C.F.R. § 214.14(c)(1).

27.     The USCIS Vermont Service Center and Nebraska Service Center jointly process submitted U-visa petitions and related applications.

28.     Congress has only authorized USCIS to issue 10,000 principal U nonimmigrant visas each fiscal year. *See* 8 U.S.C. § 1184(p)(2)(A).

## THE U-VISA WAITING LIST

29.     On September 17, 2007, USCIS created a formal waiting list for U-visa petitioners, which provides its own set of protections and benefits to petitioners. *See* 8 C.F.R. § 214.14(d)(2); 72 Fed. Reg. 53014-01, 53039 (Sept. 17, 2007).

30.     Under Section 214.14(d)(2), once the 10,000 statutory cap has been reached during a particular fiscal year, all "eligible petitioners who, due solely to the cap, are not granted [U] nonimmigrant status *must* be placed on a waiting list.…" 8 C.F.R. § 214.14(d)(2) (emphasis added).

31.     Once USCIS places a petitioning foreign national on the U-visa waiting list, the petitioner is entitled to "deferred action," which is an interim form of protection from deportation and physical removal. 8 C.F.R. § 214.14(d)(2).

32.     While on the waiting list, a petitioner may obtain employment authorization from USCIS. *Id*.

## THE ADMINISTRATIVE PROCEDURE ACT

33.     The Administrative Procedure Act requires Defendants to address and conclude matters presented to them in a reasonable time. *See* 5 U.S.C. 555(b).

34.     Under 5 U.S.C. 555(b) and 8 C.F.R. § 214.14(d)(2), USCIS has a nondiscretionary duty to determine a petitioner's U-status eligibility and to place a petitioner on the formal waiting list when the petitioner's U-visa submission would be approved but for the statutory cap. USCIS must take such action within a reasonable period of time.

35.     The INA says that applications for immigration benefits should ordinarily be decided "not later than 180 days after the initial filing of the application.…" 8 U.S.C. § 1571(b).

36.     During the pendency of the U-visa petition, there are no administrative remedies available for a petitioner to exhaust, and no other remedy exists for RMP to compel Defendants to comply with 8 C.F.R. 214.14(d)(2) within a reasonable time as required by the Administrative Procedure Act.

## RMP'S PETITION FOR U NONIMMIGRANT STATUS

37.     Over the course of her thirteen-year relationship with her husband, RMP suffered physical and emotional abuse.

38.     This abuse consisted of hitting, threats of violence, and rape.

39.     RMP and her husband met in or around November of 2003.

40.     At first, the relationship progressed peacefully.

41.     However, shortly after their marriage in or around 2005, RMP's husband changed dramatically. He became jealous and spiteful, accusing her of infidelity and physically beating her.

42.     He raped her whenever he wanted, on one occasion he tied her hands and feet so she could not resist. He also penetrated her vagina with objects.

43.     On one occasion, RMP returned home late from her housekeeping job and her husband choked her.

44.     In or around December 2014, he destroyed her phone, threw her against a piece of steel furniture, and pulled her by the hair.

45.     In or around January of 2015, RMP and her children returned home late from church one evening. Her husband picked up a kitchen knife and moved to attack RMP. As she begged him not to kill her, he put the knife down and raped her instead.

46.     Shortly thereafter, RMP fled the house with her children. However, her husband began to stalk her, incessantly calling her, showing up at her new home, and vandalizing her car so she could not drive. He threatened to have her children taken away from her.

47.     After four months of living in fear, RMP reluctantly returned home, where the violence continued to escalate.

48.     In or around 2016, RMP's husband severely beat her in the presence of her children and grabbed her oldest daughter to prevent her from running to summon help.

49.     RMP's husband continued to beat her and tie her up to rape her. She often locked herself in the bathroom to escape his violent rages.

50.     On at least one occasion, the husband threatened to kill the children if RMP called the police.

51.     In or around February of 2017, RMP discovered that her husband had been raping her daughter, who was fourteen years old at the time. He had told her daughter that he would kill RMP if she told anyone.

52.     RMP encouraged her daughter to report the abuse to a school counselor, who subsequently contacted law enforcement. RMP cooperated fully in the subsequent investigation.

53.     RMP's husband was convicted of object sexual penetration and assault and battery against a family member. He was later deported.

54.     As a result of being the victim of domestic violence, RMP has suffered substantial physical and mental abuse.

55.     RMP filed a Form I-918 petition for a U-visa with USCIS Vermont Service Center, which USCIS received on July 25, 2018.

56.     Exhibit 1 to this complaint contains an authentic (but redacted) copy of the USCIS receipt notice confirming the filing of RMP's Form I-918 petition (EAC1821250029).

57.     Along with that I-918 petition, RMP included the required Supplement B, U Nonimmigrant Status Certification, (*i.e.,* law enforcement certification), signed by Phillip Zoffuto, Sergeant CID, Chesterfield County Police Department.

58.     In addition to her I-918 petition, RMP submitted a Form I-192 Application for Advance Permission to Enter as a Nonimmigrant, which was received by USCIS's Vermont Service Center on October 22, 2018. (See Ex. 2).

59.     USCIS, however, has not taken any action regarding RMP's filings for over three years since those applications were filed with USCIS.

60.     The delay in processing RMP's U-visa petition is unreasonable as a matter of law.

61.     Defendants' unreasonable delay in processing her U-visa petition has materially harmed, and continues to harm, RMP as she continues to face the threat of deportation.

## COUNT I—ADMINISTRATIVE PROCEDURE ACT

(Unreasonable Delay of Determination of Eligibility for U-visa Waiting List)

62. RMP incorporates each of the preceding paragraphs as if set forth fully here.

63. Defendants have a nondiscretionary obligation to determine RMP's eligibility for placement on the U-visa waiting list within a reasonable time. *See* 5 U.S.C. § 555(b); 8 C.F.R. § 214.14(d)(2).

64. RMP is an "eligible petitioner," as that term is used in 8 C.F.R. § 214.14(d)(2).

65. The statutory cap is the sole reason that RMP has not been granted U-visa status.

66. If USCIS determines that RMP has submitted a *bona fide* petition, USCIS has a nondiscretionary duty to place her on the U-visa waiting list and grant her deferred action. *See* 8 C.F.R. § 214.14(d)(2).

67. For over three years, USCIS has not taken any substantive action regarding RMP's eligibility for the U-visa waiting list, nor has USCIS granted her the benefits associated with placement on the U-visa waiting list.

68. The delay created by Defendants' failure to act in a reasonable manner violates the Administrative Procedure Act. *See* 5 U.S.C. § 555(b) and 706(1).

69. Because of USCIS's unreasonable delay, Plaintiff has suffered and will continue to suffer substantial and irreparable harm to her welfare, for which there is no adequate remedy at law.

WHEREFORE, Plaintiff RMP respectfully requests this Court enter judgment in her favor and against Defendants and enter the relief requested below.

## COUNT II—ADMINISTRATIVE PROCEDURE ACT

(Unreasonable Delay in Placing Plaintiff on the U-visa Waiting List)

70. RMP incorporates each of the preceding paragraphs as if set forth fully here.

71. Alternative to the allegations in Count I, RMP also alleges that Defendants have determined that Plaintiff is eligible for the U-visa waiting list, but that Defendants have nonetheless failed to take the legally required actions of placing RMP on the U-visa waiting list and providing her with the waiting list's benefits.

72. USCIS's former Associate Director for Service Center Operations, Donald Neufeld, testified on behalf of USCIS regarding the agency's U-visa processing in the case of *Cissna v. Solis,* Civ. A. No. 9:18-00083-MB 2019 WL 8219790, at *13 (D.S.C. July 11, 2019).

73. During that testimony, Neufeld stated that USCIS runs petitioners' "first set" of background checks within the first 15 to 30 days after a U-visa petition is received by USCIS.

74. The *Cissna* court determined that "Mr. Neufeld's testimony demonstrates that an application is otherwise approvable if the background checks are clean, the application is bona fide, and there are no issues of admissibility." *Id.* at *13.

75. Neufeld also testified that if there is a "hit" on "the initial background checks," those are resolved at the time they are identified. *Id.*

76. Neufeld also suggested that some parts of background checks could take "as long as months" but never suggested they could take years. *Id.*

77. Nevertheless, Neufeld testified that if a petition makes it through this initial review, USCIS does not place the petitioner on the U-visa waiting list. Instead, "the case would go sit on a shelf waiting for its time in the … order of sequencing for adjudication." *Id.*

78.     RMP satisfies the requirements to be granted U-visa status. The statutory cap on U-visas is the only reason she has not been granted a U-visa. USCIS has already made this determination but has not placed her on the U-visa waiting list.

79.     As a result, she "must" be placed on the U-visa waiting list and granted deferred action. 8 C.F.R. § 214.14(d)(2).

80.     Defendants, however, have unreasonably delayed in placing Plaintiff on the U-visa waiting list, as required by 8 C.F.R. § 214.14(d)(2).

WHEREFORE, Plaintiff RMP respectfully requests this Court enter judgment in her favor and against Defendants and enter the relief requested below.

## COUNT III—MANDAMUS ACT

(Failure to Determine Eligibility for U-visa Waiting List or, Alternatively, to Place Plaintiff on the U-visa Waiting List)

81.     RMP incorporates each of the preceding paragraphs as if set forth fully here.

82.     The Mandamus Act authorizes federal district courts to compel an officer or employee of the United States or an agency to perform a duty owed to the Plaintiff. *See* 28 U.S.C. § 1361.

83.     A district court may issue a writ of mandamus if (1) the plaintiff is plainly owed the performance of a legal duty, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) no adequate remedy is available.

84.     RMP satisfies each of the requirements for the issuance of a writ of mandamus compelling Defendants to determine RMP's eligibility for U-visa status or alternatively to place her on the U-visa waiting list and provide her with the benefits attendant with placement on the waiting list.

85.     RMP properly filed her complete and *bona fide* U-visa petition.

86.     As a result, Defendants have a nondiscretionary duty to determine Plaintiff's eligibility for a U-visa or placement on the U-visa waiting list within a reasonable period if there are no U-visas available due to the statutory cap. 5 U.S.C. § 555(b); 8 C.F.R. §214.14(d)(2).

87.     If RMP is placed on the waiting list, Defendants have a nondiscretionary duty to grant RMP deferred action. *See* 8 C.F.R. § 214.14(d)(2).

88.     USCIS has not yet determined whether RMP is eligible for the U-visa waiting list in violation of USCIS's obligations under 5 U.S.C. § 555(b) and 8 C.F.R. §214.14(d)(2).

89.     Or, alternatively, Defendants have determined that RMP is eligible for U-visa status, but Defendants have nonetheless refused to place RMP on the U-visa waiting list and provide her with the benefits attendant with placement on the U-visa waiting list. *See Cissna v. Solis*, Civ. A. No. 9:18-00083-MB 2019 WL 8219790, at *13 (D.S.C. July 11, 2019).

90.     RMP satisfies each of the requirements for the issuance of a writ of mandamus compelling Defendants to determine her eligibility or, alternatively, to require Defendants to place Plaintiff on the U-visa waiting list in the event Defendants have already determined that RMP is an "eligible petitioner."

91.     RMP has exhausted all administrative remedies available to her.

92.     Because of USCIS's unreasonable delay and failure to meet its legal obligations, RMP has suffered—and continues to suffer—substantial and irreparable harm to her welfare, for which there is no adequate remedy at law.

WHEREFORE, Plaintiff RMP respectfully requests this Court enter judgment in her favor and against Defendants and enter the relief requested below.

## **REQUEST FOR RELIEF**

Plaintiff RMP requests this Court grant the following relief:

13

1.      Declare that Defendants' actions and omissions violate 5 U.S.C. §§ 555(b) and 706(1); 8 C.F.R. §§ 214.14(d)(2) and 274a.13(d).

2.      Enter an order compelling Defendants to determine RMP's eligibility for a U-visa or the U-visa waiting list within 30 days of the filing of this complaint.

3.      Enter an order compelling Defendants to provide Plaintiff with deferred action, if Defendants have already determined that Plaintiff is eligible for the U-visa waiting list.

4.      Retain jurisdiction during the adjudication of Plaintiff's petition for U-visa nonimmigrant status.

5.      Award reasonable attorney's fees and costs of this litigation to RMP, as provided by 28 U.S.C. § 2412.

6.      Grant any further relief this Court deems just and proper.

Date:  March 9, 2022                          Respectfully submitted,

                                              BARLEY SNYDER, LLP

                                              /s/ David J. Freedman
                                              David J. Freedman, (Va. Id. #46868)
                                              dfreedman@barley.com
                                              213 Market Street, 12th Floor
                                              Harrisburg, PA 17101
                                              Telephone:  (717) 399-1578
                                              Attorney for Plaintiff RMP